MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Avenue, Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff Deborah Crowley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH CROWLEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; CARS.COM, LLC GROUP DISABILITY INCOME PLAN; DOES 1 THROUGH 10<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA") as it involves a claim by Plaintiff for long-term disability ("LTD") benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331, as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff DEBORAH CROWLEY ("Plaintiff" or "Ms. Crowley") is a resident of Orange County and citizen of the State of California, and at all relevant times was an employee of CARS.COM, LLC ("Cars.com") and a participant in its employee benefit plan, identified below.

5. Plaintiff alleges upon information and belief that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Maine, and is authorized to transact and is transacting the business of insurance in this state.

6. Plaintiff is informed and believes and thereon alleges that Defendant CARS.COM, LLC GROUP DISABILITY INCOME PLAN ("Plan") is an employee welfare benefit plan established and maintained by Cars.com to provide its employees with monthly long-term disability ("LTD") income insurance protection, and, is the Plan Administrator.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

8. Unum issued Group Policy Number 134484-001 to Cars.com and the eligible participants and beneficiaries of the Plan, including Ms. Crowley.

9. In a section entitled "How Does Unum Define Disability," the Plan states, in pertinent part, as follows:

> You are disabled when Unum determines that:
> - you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

10. The Plan defines "Material and Substantial Duties" as duties that "are normally required for the performance of your regular occupation; and cannot be reasonably omitted or modified."

11. The Plan defines "Regular Occupation" as follows:

> [T]he occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in

the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.

12. The Plan states that participant will not be entitled to LTD benefits in certain situations, including if they have a "pre-existing condition." The Plan informs participants that they have a pre-existing condition if:

- you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 3 months just prior to your effective date of coverage; and
- the disability begins in the first 12 months after your effective date of coverage unless you have been treatment free for 3 consecutive months after your effective date of coverage.

13. The Plan further states that "PRE-EXISTING CONDITION means a condition for which you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines for your condition during the given period of time as stated in the plan."

14. Prior to her disability, Ms. Crowley was a Regional Account Executive for Cars.com. Thus, she is eligible for LTD benefits if she can no longer perform the "material and substantial duties" of a Regional Account Executive due to a sickness or injury.

15. Unfortunately, on or about April 23, 2023 Ms. Crowley became unable to continue working as a Regional Account Executive for Cars.com due to worsening disabling conditions, including, but not limited to, arthritis, neck pain, back pain, joint pain, hip pain, leg pain, migraine headaches, fatigue and symptoms associated with her fibromyalgia diagnosis.

16. Based upon information and belief, Ms. Crowley remained unable to return to work, was "disabled" as that term is defined by the Plan and timely filed a claim for LTD benefits under the Plan.

17. In support of her LTD claim, Ms. Crowley provided Unum with copies

of and access to her medical records. A review of those records reveals that Ms. Crowley's treating physicians agreed that the symptoms and related restrictions and limitations associated with her diagnosed maladies, including, but not limited to chronic interstitial cystitis (IC), chronic fatigue, hereditary hemochromatosis, hypothyroidism, menopause, psoriatic arthritis, radial styloid tenosynovitis and gastroesophageal reflux disease (GERD) prevented her from continuing to work.

18. In the medical records and claim forms, Ms. Crowley's treating physicians confirmed that she was disabled and unable to continue working.

19. By letter dated November 15, 2023, Unum informed Ms. Crowley that it determined that her conditions of chronic interstitial cystitis (IC) and hypothyroidism were caused by, contributed to by, or resulted from a pre-existing condition and, thus, she was ineligible to receive LTD benefits as the result of those conditions.

20. However, in that same letter, Unum informed Ms. Crowley that after reviewing her medical records, it agreed that she was "unable to perform the material and substantial duties of [her] regular occupation" and thus, was disabled and entitled to LTD benefits under the Plan.

21. Following that determination, Unum began paying Ms. Crowley monthly LTD benefits as of October 22, 2023.

22. Over the following months, Ms. Crowley continued to provide Unum with copies of, and access to, her medical records. Those medical records supported her claim for LTD benefits and Unum approved her LTD claim through February 13, 2024.

23. However, by letter dated February 12, 2024, Unum informed Ms. Crowley that it was denying her claim for LTD benefits, stating that the company believed that she was able perform the material and substantial duties of her occupation, and thus was not entitled to ongoing benefits. In the letter, Unum failed to specifically explain what condition it determined was no longer disabling, or

explain how it concluded that she had recovered enough to no longer be entitled to LTD benefits.

24. Ms. Crowley timely appealed Unum's decision to deny her claim for LTD benefits.

25. In support of her appeal, Ms. Crowley, through counsel, wrote a letter to Unum on or about August 8, 2024. In the letter, Ms. Crowley explained that Unum's claim decision was improper, as she remained disabled and unable to return to work as a Regional Account Executive for Cars.com.

26. In the appeal letter, Ms. Crowley explained that her chronic and disabling symptoms worsened over time and continued to preclude her from performing the material and substantial duties of her own occupation or any occupation for which she is reasonably fitted by education, training or experience. Indeed, Ms. Crowley informed Unum that she was scheduled to undergo Anterior Cervical Discectomy and Fusion in October 2024.

27. In the letter, Ms. Crowley also provided additional support for her claim. This included a July 25, 2024 letter from Lalitha Ananth, M.D., F.A.C.P., in which she confirmed that Ms. Crowley has been totally disabled and unable to perform her own occupational duties since April 23, 2023 due to symptoms associated with her diagnoses, including but not limited to, psoriatic arthritis, inflammatory polyarthritis fibromyalgia, cervical spondylosis, lumbar spondylosis, hand arthritis, bilateral hip joint arthritis and arthritis of both knees.

28. Dr. Ananth noted that her findings were supported, not only by her examinations and Ms. Crowley's reports of pain, but also X-Rays from April 6, 2023 and April 11, 2024, as well as a March 6, 2024 MRI.

29. Ms. Crowley also provided Unum with the results of a Functional Capacity Evaluation ("FCE") performed by Carissa Beyer, PT on May 2, 2024. Ms. Beyer concluded that restrictions and limitations continued to preclude Ms. Crowley's return to work due to her symptoms associated with degenerative disc

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

disease, cervical spondylosis, spinal stenosis, arthritis, chronic fatigue, fibromyalgia, arthropathic arthritis. Based on the results of the FCE, Ms. Beyer confirmed, "[t]he client is unable to continuously sit for 2-hours for a total of 5.5-hours in an 8-hour day and, therefore, cannot work a full time job at any physical demand level, including any sedentary occupation."

30. Also included with the appeal letter were updated medical records showing that Ms. Crowley maintained regular treatment with her providers for her worsening disabling diagnoses and associated symptoms, including, but not limited to, arthritis, cervical and lumbar stenosis, degenerative disc disease, neck pain, back pain, chronic fatigue, headaches and fibromyalgia. The records further showed that, since her disabling conditions and symptoms forced Ms. Crowley to stop working as of April 2023, the frequency and severity of her symptoms continued to preclude her from performing the material and substantial duties of her regular occupation or any gainful occupation.

31. The updated records further demonstrated Ms. Crowley's disabling conditions are unrelieved by conservative treatment modalities, including, but not limited to, epidural injections and massage. Due to Ms. Crowley's disabling diagnoses and symptoms, her providers agreed surgical intervention was appropriate.

32. The records included an April 12, 2024 note by Orthopedic Surgeon Dr. Gregory Carlson, who stated:

> This patient presents with symptoms of neck pain that refers into the arms send symptoms of weakness numbness tingling. Her symptoms are very consistent with cervical cord and neural foraminal impingement from C3 to C7. It is also a good portion of her fibromyalgia may also be related to the cord compression. I am concerned that the patient is showing some signs of cervical myelomalacia. This patient likely should undergo multilevel cervical decompression and fusion extending from C3 to C7. I have discussed trying

some additional non-surgical management. We discussed a broad cervical epidural to try and cut the pain. I discussed physical therapy, even in light of these non-surgical measures this patient should probably consider surgery as she does have signs of severe cord compression and myelomalacia.

33. Ms. Crowley also provided the results of a July 17, 2024 Lumbar MRI, which confirmed the following findings:

- Multilevel disc and facet disease, moderate-severe left neural foraminal narrowing at L5-S1, mild bilateral neural foraminal narrowing at L4-L5, and mild left neural foraminal narrowing at L3-L5.
- Slight narrowing of the right lateral recess at L5-Sl.
- Grade 1 anterolisthesis of L4 on L5.

34. Finally, the appeal included a statement in which Ms. Crowley explained why she remained unable to work, as well as statements of support from her friends and family.

35. Ms. Crowley provided Unum with further documents to support her disability by letters dated August 9, 2024 (a letter of support from Stuart Kipper, M.D.), August 16, 2024 (a vocational review), August 28, 2024 (medical records from Michael Gordon, M.D.) and September 11, 2024 (medical records from Dr. Gordon and Tanika Razzaki, M.D.).

36. By letter dated September 20, 2024, Unum provided Ms. Crowley with copies of reports prepared by its paid, non-examining physician, Dr. Arlen Green.

37. Ms. Crowley responded to Dr. Green's biased report by letter dated October 4, 2024, detailing how Dr. Green's conclusions were completely contradicted by the reports of her treating physicians. In other words, doctors who examined Ms. Crowley agreed that she was disabled, while the doctor that Unum paid and who never spoke with or examined Ms. Crowley offered the opposite conclusion.

38. Later, Ms. Crowley also responded to Unum's unsupported rejection of the vocational report which supported her claim.

39. Finally, Ms. Crowley provided Unum with another letter of support from Dr. Kipper.

40. Despite the overwhelming evidence Ms. Crowley provided to Unum in support of her LTD claim, on or about November 25, 2024, Unum denied Ms. Crowley's appeal and affirmed the prior denial. In the letter, Unum confirmed that Ms. Crowley exhausted her administrative remedies and could bring an ERISA lawsuit.

41. As a direct and proximate result of Unum's failure to provide Plaintiff with LTD benefits after February 13, 2024, she has been deprived of said benefits from February 14, 2024 to the present.

42. As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorneys' fees to pursue this action and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. §1132(g) (1), ERISA §502(g) (1).

43. A controversy now exists between the parties as to whether Plaintiff is "disabled" as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan's definition of disability and thus she is entitled to past due disability benefits under the Plan.

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of disability benefits from February 14, 2024 to the date of judgment;

2. For reasonable attorneys' and costs fees incurred in this action; and

3. For such other and further relief as the Court deems just and proper.

DATED: December 13, 2024           DONAHUE & HORROW, LLP

_____
MICHAEL B. HORROW
SCOTT E. CALVERT
*Attorneys for Plaintiff Deborah Crowley*